ELENA SERRALTA HERNÁNDEZ ET AL., Plaintiffs, *v.* FÉLIX MARTÍNEZ RIVERA and CERVECERÍA CORONA, INC., Defendants and Third-Party Plaintiffs, Appellant the latter.

Nos. R-68-34, R-68-35. Decided June 23, 1969.

*Segurola & Romero* for appellant Cervecería Corona, Inc.
*Hartzell, Fernández, Novas & Ydrach* for Michelin et Cie.
*Fiddler, González & Rodríguez* and *Salvador E. Casellas* for Puerto Rico Tire, Inc.

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Dávila, and Mr. Justice Torres Rigual.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

The Court consolidated these appeals for the purpose of their decision. In R-68-34, Cervecería Corona, Inc., appeals from the judgment rendered by the San Juan Part of the Superior Court on September 11, 1967, which dismissed a third-party complaint against third-party defendant Puerto Rico Tire, Inc. In appeal R-68-35, Cervecería Corona, Inc., itself appeals from the judgment rendered by the same

part, on the same date, which dismissed another third-party complaint against Michelin et Cie, third-party defendant. Both judgments were rendered on the same suit for damages.

On account of an automobile accident which occurred on October 9, 1965, the prejudiced party filed a complaint against appellant Cervecería Corona, Inc., and its employee Félix Martínez Rivera. They alleged that while the employee was driving a truck, owned by the Cervecería, he collided, negligently and guiltily, with the vehicle in which the plaintiffs were traveling. Cervecería Corona answered the complaint and admitted the occurrence of the accident in the manner described therein. It alleged that the accident was of a fortuitous nature.

Then it filed a third-party complaint against Puerto Rico Tire, Inc., and against Michelin et Cie as third-party defendants. The Cervecería set forth in these third-party complaints the filing of the complaint for damages against it, and alleged in the complaint against Puerto Rico Tire, Inc.:

"3. That in causing the aforesaid damages and in the accident there was also fault and negligence on the part of the Puerto Rico Tires, Inc., in selling to the appearing party herein, a tire which was defective, a fact which was known or should have been known by the third-party defendant. The aforesaid tire blew out right before the accident, while the same was being used by the 1961 Ford truck, License Plate H-383-076.

"4. That if the appearing party herein were liable to plaintiff, because the court believes that there was negligence on its part, *the third-party defendant is liable to the appearing party herein* for the sum of money which the court may determine, plus costs and attorney's fees." (Italics ours.)

In the third-party complaint against Michelin et Cie, the Cervecería alleged:

"3. That in causing the aforesaid damages and in the accident there was fault and negligence also on the part of Michelin et Cie in manufacturing and in putting on the market a tire

which blew out right before the collision while it was being used by the 1961 Ford truck, license plate H-383-076.

"4. That said tire was acquired or bought by the appearing party herein from the agent or distributor of the third-party defendant herein, and it was not fit for the purposes for which it was sold, because it was defective.

"5. That if the appearing party herein were liable to plaintiff because the court believes that there was negligence on its part, there was also negligence on the part of the third-party defendant herein, for which reason *the latter is liable to the appearing party herein* for the sum which the court will determine in due date." (Italics ours.)

The prayer in the third-party complaint was stated in the following terms:

"Wherefore it is requested from the court *that if the appearing party herein were liable to plaintiff,* the court shall order the third-party defendant herein to pay the amount which the court may deem proper, plus costs and attorney's fees." (Italics ours.)

Both third-party defendants requested the dismissal of the third-party claims (1) on account of being untenable as a procedural question and (2) because the actions had prescribed. The trial court rendered judgment thus and dismissed the third-party complaints on the two foregoing grounds.

In dismissing the complaints the trial court relied on the following provision of Rule 12.1 of the Rules of Civil Procedure which it copied:

"At any time after commencement of the action, a defendant may, as a third-party plaintiff, serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

It held that the third-party complaints were alien to the spirit and the letter of the foregoing provision, and it invoked in its support the decision of this Court in *Marcano*

*Torres* v. *Water Resources Authority,* judgment of January 20, 1965, published in 91 P.R.R. 635.[1]

Irrespective of the manner in which the *Marcano* case was decided as to the statements made, this case is completely distinguishable from the instant case. Marcano was a worker who was injured in a labor accident and brought action against the Water Resources Authority as tort-feasor of the damage, charging it with negligence. This was the action allowed by § 31 of the Workmen's Accident Compensation Act, filed by the worker himself. Defendant Authority brought Salvador L. Morales into the suit, as a third-party defendant who happened to be the worker's insured employer, charging him with negligence. The employer, a third-party defendant, moved for summary judgment in his favor alleging his immunity against any claim, under the provisions of § 20 of said Workmen's Accident Compensation Act.

The Authority, third-party plaintiff, sought to support therein its right as such third-party plaintiff, relying on the theory of "contribution" between joint tort-feasors, adopted here in the case of *García* v. *Government of the Capital,* 72 P.R.R. 133 (1951). The San Juan Part dismissed the third-party complaint recognizing thus the immunity of the insured employer against the negligence which caused the accident, and the only remedy of § 20 of the Act. This judgment was affirmed by the Court, 91 P.R.R. 635. It is obvious that the *Marcano* case involved a situation of fact and of law, completely different, which is not involved in this case, and which was governed by *Cortijo Walker* v. *Water Resources,* aforecited, and other decisions of this Court. See, also, *Vélez* v. *Halco Sales, Inc., ante,* p. 426.

---

[1] The case of *Marcano Torres* v. *Water Resources Authority* was decided by a Division composed of three Justices of this Court. According to the judgment published in 91 P.R.R. 635, two of the three Justices, who then composed a Division, rendered separate concurrent opinions. The third Justice stated that he concurred in the result on the grounds stated in *Cortijo Walker* v. *Water Resources Authority,* 91 P.R.R. 557 (1964).

 Under the provision of Rule 12.1 which the trial court cited, the filing of third-party complaints was appropriate. The allegations having been examined, the position assumed by the Cervecería is not that of relieving itself of all fault, but instead the position that in the accident, and together with the fault it might have, there also is the fault of the third-party defendants for the reasons it states. The allegations involve the typical situation of the "distribution" of monetary liability between two or more joint tort-feasors, in which, although under the doctrine which governs according to our decisions it is solidary liability to the prejudiced party, we have permitted the existence between the joint tort-feasors of the "distribution" of monetary liability in adopting said view of "distribution" in the aforecited case of *Garcia* v. *Government of the Capital.* That being the situation which arises from the allegations, Rule 12.1 copied above gives full accommodation to the third-party complaints in this case. 11 A.L.R.2d 228 *et seq.*

Precisely in *Torres* v. *W.R.A.,* 94 P.R.R. 297 (1967), in which the Superior Court found that in the accident there was concurrent negligence on the part of defendant W.R.A. and on the part of another person who was not brought into the suit, and that in fixing the monetary compensation of the prejudiced party it reduced the proportional part corresponding to the negligence of that third party, we held that the Court could not charge the other person's negligence to the prejudiced party, deducting from its compensation the proportional part of the third party's fault; and that the joint tort-feasors' liability being solidary, if the W.R.A. wanted to have the benefit of that deduction or "contribution" it should have brought into the suit the third-party joint tort-feasor as a third-party defendant, which it had not done.

The other ground for the dismissal of the third-party complaints was that these actions had prescribed. The trial court applied the limitation period of 6 months provided in

§ 1379 of the Civil Code, 1930 ed., for the actions which arise from the provisions of §§ 1374 to 1378, which deal with the liability of vendor to vendee for faults or hidden defects—§ 1374; the right to choose between withdrawing from the contract, withdrawing with damages, or the proportional reduction of the price—§ 1375; the return of the price and damages if the thing sold should be lost on account of hidden faults—§ 1376; the loss by fortuitous event if the thing sold had hidden defects—§ 1377; judicial sales—§ 1378.

■ But the judgments were rendered in motion for dismissal and it is necessary to rely on the allegations. We have copied them at the beginning, and from them it does not arise that the Cervecería, third-party plaintiff, as purchaser of the tire sought to exercise any right whatsoever under §§ 1374 to 1378. The third-party plaintiff charges the third-party defendants with Aquilian fault, not breach of contract. That there exists cause for action in the sphere of a quasi-crime for fault or negligence against the vendor or manufacturer of a product, is a rule of law which governs in our civil doctrine. *Castro* v. *Payco, Inc.*, 75 P.R.R. 59 (1953), and the most recent decision of *Mendoza* v. *Cervecería Corona, Inc.*, post, p. 487, in which we make a comprehensive study of that liability.

■ Existing in that sphere said cause of action against the third-party defendants, the rules about "distribution" of monetary liability between joint tort-feasors are equally applicable, monetary liability which can be elucidated in a third-party complaint.

The judgments of the San Juan Part of the Superior Court which dismissed the third-party complaints on their two grounds will be reversed, and the record remanded in order that said complaints be answered and for further proceedings not inconsistent with the foregoing pronouncements.